UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

EDGAR JUAREZ GONZALEZ, DIONICIO EVARISTO, and NATALIO MALDONADO,

                      Plaintiffs,

v.

EMPIRE CORNER OF 8 INC. d/b/a EMPIRE CORNER, JOHN DOE CORPORATION d/b/a "U" LIKE GARDEN, XIN LI, YAN XU, ZHEN LI, XIANG ZHEN XU,

                      Defendants.

12 Civ. 6167 (TPG)

**AMENDED COMPLAINT**

------------------------------------------------------------x

Plaintiffs Edgar Juarez Gonzalez, Dionicio Evaristo, and Natalio Maldonado (collectively "Plaintiffs"), by their undersigned attorneys, bring this action to recover damages arising out of their employment at the "U" Like Garden and Empire Corner restaurants located in Manhattan (collectively the "Restaurants").

## PRELIMINARY STATEMENT

1.    Plaintiffs are kitchen and delivery workers who have worked long hours for Defendants at two, closely related Manhattan restaurants, and now seek the lawful wages and equal treatment guaranteed them by city, state, and federal laws.

2.    Plaintiffs have been long-time employees of Defendants. Throughout the course of their employment, Plaintiffs were regularly paid wages that fell far below the legal minimum required by law; worked for more than 40 hours per week without receiving the overtime premiums required by law; and worked days that exceeded 10 hours from start to finish without receiving the spread-of-hours compensation required by law.

23753861v1

3. Defendants unlawfully required Plaintiffs to purchase and maintain delivery bicycles and other tools of the trade, and Defendants failed to provide Plaintiffs with required employment notice and wage statements.

4. Finally, Defendants discriminated against Plaintiffs by subjecting them to adverse terms and conditions of work and to a hostile work environment on account of their race and national origin.

5. Accordingly, as stated herein, Plaintiffs bring claims for violation of the Fair Labor Standards Act, the New York Labor Law, the New York City Human Rights Law, and the New York State Human Rights Law, and seek compensatory, liquidated, and punitive damages, declaratory and injunctive relief, as well as attorneys' fees and costs associated with this action.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiffs' state and city law claims, pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in the Southern District of New York ("SDNY"), pursuant to 28 U.S.C. § 1391(b), because the Restaurants are located in the SDNY and a substantial part of the events or omissions giving rise to the claims herein occurred in the SDNY.

## PARTIES

### Plaintiffs

9. Plaintiff Edgar Juarez Gonzalez has been employed as a kitchen and delivery worker by Defendants John Doe Corporation, Empire Corner of 8 Inc., Yan Xu, Xin Li, Zhen Li, and Xiang Zhen Xu at their restaurants "U" Like Garden and Empire Corner since approximately

May 21, 2011. Plaintiff Gonzalez has worked primarily at or for "U" Like Garden. In addition, Defendants frequently instructed Plaintiff Gonzalez to perform work at or for Empire Corner.

10.     Plaintiff Dionicio Evaristo has been employed as a kitchen and delivery worker by Defendants John Doe Corporation, Empire Corner of 8 Inc., Yan Xu, Xin Li, Zhen Li, and Xiang Zhen Xu at their restaurants "U" Like Garden and Empire Corner since approximately June 18, 2010. Plaintiff Evaristo has worked primarily at or for "U" Like Garden.

11.     Plaintiff Natalio Maldonado was employed as a kitchen and delivery worker by Defendants Empire Corner of 8 Inc., John Doe Corporation, Xin Li, Xiang Zhen Xu, Zhen Li, and Yan Xu at their restaurants Empire Corner and "U" Like Garden from approximately March 4, 2008 to approximately September 25, 2008, and from approximately May 9, 2011 to approximately October 30, 2011. Plaintiff Maldonado worked primarily at or for Empire Corner.

**Individual Defendants**

12.     Defendants Yan Xu, Xin Li, Zhen Li, and Xiang Zhen Xu (collectively, the "Individual Defendants") have each had an ownership interest in and/or exerted operational control over Defendant John Doe Corporation, Defendant Empire Corner of 8 Inc., "U" Like Garden restaurant, and Empire Corner restaurant (collectively, the "Business Entity Defendants") at all times relevant to Plaintiffs' claims.

13.     Upon information and belief, at all times relevant to Plaintiffs' claims, each Individual Defendant was an "employer" of Plaintiffs within the meaning of the FLSA, the New York Labor Law ("NYLL"), the New York City Human Rights Law ("NYCHRL"), and the New York Human Rights Law ("NYSHRL").

14.     Defendant Yan Xu has, at all relevant times, been the day-to-day manager at "U" Like Garden. She has had the power to hire and fire workers at "U" Like Garden, including Plaintiffs Gonzalez and Evaristo; control the terms and conditions of their employment; maintain

3

employment records; determine rates and methods of compensation; and pay the restaurant's employees. Yan Xu also had the power to fire and to control the terms and conditions of Plaintiff Maldonado's employment when he worked at or for "U" Like Garden.

15.     Defendant Xin Li has, at all relevant times, been the day-to-day co-manager at Empire Corner. He has had the power to hire and fire workers at Empire Corner, including Plaintiff Maldonado; control the terms and conditions of his employment, maintain employment records, determine rates and methods of compensation, and pay the restaurant's employees. Xin Li has also had the power to fire and to control the employment terms and conditions of Plaintiffs Gonzalez and Evaristo when they worked at or for Empire Corner.  In addition, Xin Li has acted as the manager at "U" Like Garden every Monday, when Yan Xu is not present.

16.     Defendant Xiang Zhen Xu has, at all relevant times, been the day-to-day co-manager at Empire Corner. She has had the power to hire and fire workers—including Plaintiff Maldonado—at Empire Corner, control the terms and conditions of his employment, maintain employment records, determine rates and methods of compensation, and pay the restaurant's employees. Xiang Zhen Xu has had the power to fire and to control the employment terms and conditions of Plaintiffs Gonzalez and Evaristo when they worked at or for Empire Corner.

17.     Upon information and belief, Defendant Zhen Li has, at all relevant times, had the power to hire and fire workers, including Plaintiffs, at "U" Like Garden and Empire Corner, control their terms and conditions of employment, and determine rates and methods of compensation.

18.     Upon information and belief, Defendants Xin Li, Yan Xu, and Zhen Li are siblings.

19.     Upon information and belief, Defendant Xin Li is the spouse of Defendant Xiang Zhen Xu.

### **Business Entity Defendants**

20.     Upon information and belief, Defendant John Doe Corporation is the privately held corporation, limited liability company, or other legal person that has, at all relevant times, operated "U" Like Garden, a Chinese restaurant located at 917 Columbus Avenue, New York, NY 10025. Plaintiffs do not know the name of the corporate operator of "U" Like Garden, and will amend this amended complaint to state the true name if and when it becomes known.

21.     At all relevant times, "U" Like Garden has primarily engaged in the sale of food for take-out, delivery, or consumption on the premises. "U" Like Garden provides a seating area with tables and chairs for customers to consume food on the premises and is a "restaurant" within the meaning of the NYLL. N.Y. Lab. L. § 1 *et seq.*

22.     At all relevant times, Defendant John Doe Corporation d/b/a "U" Like Garden was an "employer" of Plaintiffs within the meaning of the FLSA, the NYLL, the NYCHRL, and the NYSHRL.

23.     Defendant Empire Corner of 8 Inc. is a corporation organized and existing under the laws of the State of New York with a registered office of 935 Amsterdam Avenue, New York, New York, 10025.

24.     At all relevant times, Defendant Empire Corner of 8 Inc. operated Empire Corner, a Chinese restaurant located at 935 Amsterdam Avenue, New York, New York, 10025.

25.     At all relevant times, Empire Corner has primarily engaged in the sale of food for take-out, delivery, or consumption on the premises. Empire Corner provides a seating area with tables and chairs for customers to consume food on the premises and is a "restaurant" within the meaning of the NYLL.

23753861v1

26. At all relevant times, Defendant Empire Corner of 8 Inc. d/b/a Empire Corner was an "employer" of Plaintiffs within the meaning of the FLSA, the NYLL, the NYCHRL, and the NYSHRL.

### FLSA Enterprise

27. At all times relevant to this action, Defendant Empire Corner of 8 Inc. d/b/a/ Empire Corner has been an "enterprise" engaged in interstate commerce, pursuant to 29 U.S.C. § 203, in that it: (a) has had employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise on goods or materials that have been moved in or produced for commerce by any person; and (b) has had, upon information and belief, an annual gross volume of sales of not less than $500,000.

28. At all times relevant to this action, Defendant John Doe Corporation d/b/a "U" Like Garden has been an "enterprise" engaged in interstate commerce, pursuant to 29 U.S.C. § 203, in that it: (a) has had employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise on goods or materials that have been moved in or produced for commerce by any person; and (b) has had, upon information and belief, an annual gross volume of sales of not less than $500,000.

29. In the alternative, at all times relevant to this action, Defendants Empire Corner of 8 Inc. d/b/a Empire Corner and John Doe Corporation d/b/a "U" Like Garden have constituted a single "enterprise" engaged in interstate commerce, pursuant to 29 U.S.C. § 203, in that they: (a) have had employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise on goods or materials that have been moved in or produced for commerce by any person; and (b) have had, upon information and belief, an annual gross volume of sales of not less than $500,000.

30. At all relevant times, "U" Like Garden and Empire Corner have been closely related Chinese restaurants. "U" Like Garden and Empire Corner have had similar business practices and objectives, operated in parallel, and used a common manner of paying employees.

31. Defendants, including the "U" Like Garden and Empire Corner restaurants, have engaged in related activities, demonstrated unified operation and/or common control, and shared a common business purpose.

32. Individual Defendants have covered one another's duties at both of the Restaurants. For instance, on Mondays and other occasions when Defendant Yan Xu was not present at "U" Like Garden, Defendant Xin Li, who usually managed Empire Corner, worked as the manager at "U" Like Garden.

33. Upon information and belief, the Restaurants jointly ordered and received supplies, and have regularly shared employees (including Plaintiffs), supplies, and petty cash as needed.

34. Plaintiffs could be and were assigned by Defendants to work at either restaurant as needed, Plaintiffs' work hours covered time worked at either restaurant, and wages paid to Plaintiffs were intended to cover work they performed at or for both restaurants.

## STATEMENT OF FACTS

35. Plaintiffs have been employed by Defendants at "U" Like Garden and/or Empire Corner restaurants for various periods beginning in 2008.

36. Plaintiffs' primary responsibilities have included preparing food in the kitchen, cleaning, and making deliveries. Plaintiffs spent approximately 50% of their work time in the Restaurants or transporting supplies from one restaurant to the other, and approximately 50% of their work time making deliveries to customers.

## Plaintiffs Worked Long Hours Without Receiving
## the Compensation or Notices Required By Law

37.     Throughout their employment by Defendants, Plaintiffs have regularly worked six days per week, approximately 12 or 12.5 hours per day on average, but sometimes in excess of 13 hours per day, for a total of approximately 72 to 79 hours per week. Plaintiffs worked these hours with Defendants' knowledge and consent and, indeed, at Defendants' request.

38.     For this work, Plaintiffs have been paid a weekly salary of between approximately $185 and $200, or approximately $2.30 and $2.80 per hour.

39.     Defendants always paid Plaintiffs in cash without an accompanying pay stub, statement of wages, notification of regular hourly rate of pay, or receipt.

40.     Defendants did not record the amount of time Plaintiffs worked or the tips earned while making deliveries.

41.     Defendants never notified Plaintiffs of the federal or New York minimum wage, which ranged from $6.55 to $7.25 during the time of Plaintiffs' employment. Defendants also failed to notify Plaintiffs of the federal and New York overtime laws and regulations, which required that Plaintiffs be paid an overtime premium for hours worked in excess of 40 hours per week, and failed to notify Plaintiffs of New York's "spread-of-hours" laws and regulation.

42.     Likewise, Defendants never notified Plaintiffs of the tip credit provisions of the FLSA or the NYLL, nor did Defendants ever inform Plaintiffs that they intended to claim a tip credit against Defendants' federal or state minimum wage obligations.

43.     In addition, despite having routinely worked well in excess of 40 hours per week, Plaintiffs were never paid a premium for overtime hours as required by the FLSA and New York laws and regulations.

44. Finally, Defendants never paid Plaintiffs a spread-of-hours premium, despite Plaintiffs' having consistently worked hours that trigger the benefits of these laws and regulations.

45. Upon information and belief, Defendants at all relevant times knew of their obligation under federal and New York law to pay Plaintiffs a minimum wage, to pay overtime compensation to Plaintiffs for hours worked in excess of 40 hours per week, and to pay a spread-of-hours premium when Plaintiffs' spread of hours exceed ten.

### Plaintiffs Were Forced to Purchase Tools of the Trade

46. In their capacity as delivery workers, Plaintiffs were routinely required to deliver orders for "U" Like Garden and Empire Corner over significant distances in Manhattan. Plaintiffs needed bicycles to complete this assigned work.

47. Defendants did not supply Plaintiffs with bicycles, helmets, or bicycle locks, nor did they reimburse them for these expenses. Nevertheless, Defendants insisted that Plaintiffs purchase and maintain their own bicycles and related equipment in order to carry out deliveries for the Restaurants.

48. Furthermore, on occasions when Plaintiffs' bicycles were out of service, Defendants forced Plaintiffs to make deliveries on foot, and even instructed them to run while carrying heavy bags full of food.

49. Plaintiff Gonzalez was told by Yan Xu that he had to purchase a bicycle in order to work at the Restaurants. He has spent approximately $700 for a bicycle, helmet, and lock, as well as maintenance and repairs, while working at and for the benefit of "U" Like Garden.

50. Plaintiff Evaristo was told by Yan Xu that he had to purchase a bicycle in order to work at the Restaurants. He has spent approximately $700 for a bicycle, helmet, and lock, as well

as maintenance and repairs, while working at and for the benefit of "U" Like Garden and Empire Corner.

51.     Plaintiff Maldonado was told by Xin Li that he had to purchase a bicycle in order to work at the Restaurants. Defendants required him to purchase an electric bicycle in order to make deliveries far outside the range practicable on a traditional, manual bicycle. He spent in excess of $2,500 for an electric bicycle, extra battery, helmet, and lock, as well as maintenance and repairs, while working at and for the benefit of Empire Corner and "U" Like Garden.

52.     Upon information and belief, Defendants at all relevant times knew that they were prohibited from requiring Plaintiffs, minimum-wage employees, to purchase tools of the trade.

**Plaintiffs Were Discriminated Against Based on Their Race and National Origin**

53.     Throughout Plaintiffs' employment by Defendants, Defendants employed both Asian and Latino employees at "U" Like Garden and Empire Corner. During the period that Defendants employed all three Plaintiffs, Plaintiffs were the only Latino employees at the Restaurants.

54.     Defendants routinely berated Plaintiffs, using offensive epithets in Spanish and Chinese, swearing at them, and volleying other verbal abuses on a daily basis. Defendants did not treat their non-Latino employees in this manner.

55.     Plaintiffs were required to stay busy and work at all times, while the non-Latino workers were permitted rest between sets of duties. For instance, between deliveries, Plaintiffs were ordered to prepare vegetables and other foods in the kitchen or to clean the Restaurants. Non-Latino workers were permitted to sit or nap during the same intervals. In addition, Plaintiffs were given shorter meal breaks than non-Latino workers.

56. At all relevant times, the Restaurants employed four total delivery workers who worked at both "U" Like Garden and Empire Corner: three Latino workers and one non-Latino worker.

57. Defendants assigned Plaintiffs deliveries of lower value and deliveries that were further from the Restaurants, as compared to those assigned to the non-Latino delivery worker. In fact, Plaintiffs Evaristo and Gonzalez were regularly called to Empire Corner from "U" Like Garden, their primary workplace, to make these undesirable deliveries, even when the non-Latino Empire Corner delivery worker was available. As a result, Plaintiffs could make fewer deliveries than the non-Latino delivery worker, and the tips they received for those deliveries were, on average, less than those received by the non-Latino delivery worker.

## CAUSES OF ACTION

### COUNT 1
### (FLSA Minimum Wage Violation)

58. Plaintiffs reallege and incorporate by reference all preceding allegations.

59. The FLSA requires that employers pay their employees a wage that meets or exceeds the specified minimum wage. 29 U.S.C. § 206.

60. From July 24, 2008 to July 23, 2009, the federal minimum wage was $6.55 per hour. Since July 24, 2009 to the present, the federal minimum wage has been $7.25 per hour. 29 U.S.C. § 206.

61. In addition, the FLSA prohibits employers from requiring minimum wage employees to purchase equipment, or tools of their trade, required for their work. 29 U.S.C. §§ 201 *et seq.*; 29 C.F.R. § 531.35.

62. At all relevant times, Defendants were employers of Plaintiffs and Plaintiffs were employees of Defendants within the meaning of the FLSA. 29 U.S.C. § 203(d), (e).

11

63. Plaintiffs were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

64. Throughout Plaintiffs' employment, the hourly wage Defendants paid them fell well below the applicable minimum hourly wage, in violation of 29 U.S.C. § 206(a).

65. Defendants do not qualify to take a tip-credit against Plaintiffs' wages pursuant to 29 U.S.C. § 203(m).

66. In addition, Defendants required Plaintiffs to purchase and maintain bicycles, helmets, and locks for their work for Defendants. The cost of purchasing and maintaining these tools of the trade further reduced Plaintiffs' wages below the minimum hourly wage in violation of 29 U.S.C. § 206(a) and 29 C.F.R. § 531.35.

67. Defendants' violations of the FLSA were willful.

68. Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, an equal amount in liquidated damages, pre-judgment interest, and reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b), in an amount to be determined at trial.

### COUNT 2
### (FLSA Overtime Violation)

69. Plaintiffs reallege and incorporate by reference all preceding allegations.

70. The FLSA requires that an employee be paid an overtime rate of one-and-a-half times the employee's regular rate of pay for each hour of work over 40 hours per week. 29 U.S.C. § 207.

71. The overtime rate is based on either an employee's regular rate of pay or the applicable minimum wage, whichever is higher. 29 U.S.C. § 207.

23753861v1

72.     Throughout their employment by Defendants, Plaintiffs routinely worked far more than 40 hours per week.

73.     In violation of 29 U.S.C. § 207(a)(1), Defendants failed to compensate Plaintiffs the required overtime wage for hours worked in excess of 40 hours per week.

74.     Defendants' violations of the FLSA were willful.

75.     Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages, an equal amount in liquidated damages, and reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b), plus pre-judgment interest, in an amount to be determined at trial.

## COUNT 3
### (NYLL Minimum Wage Violation)

76.     Plaintiffs reallege and incorporate by reference all preceding allegations.

77.     The NYLL and state regulations require that employees be paid a minimum wage. N.Y. Lab. L. § 652; 12 N.Y.C.R.R. § 146-1.2.

78.     From January 1, 2007 to July 23, 2009, the operative state minimum wage was $7.15 per hour. Since then, and up to the present time, the operative state minimum wage has been $7.25 per hour. N.Y. Lab. L. § 652; 12 N.Y.C.R.R. § 146-1.2.

79.     In addition, the NYLL prohibits employers from requiring minimum wage employees to purchase equipment, or tools of their trade, required for their work. N.Y. Lab. L. § 193; 12 N.Y.C.R.R. §§ 137-2.5 (before 2011) and 146-2.7 (2011).

80.     At all relevant times, Plaintiffs were employees of and employed by Defendants, and Defendants were employers of Plaintiffs within the meaning of the NYLL. N.Y. Lab. L. §§ 2(5), 2(6), 2(7), 190(2), 190(3), 651(5), 651(6).

81. Defendants failed to record, credit, and compensate Plaintiffs the applicable minimum hourly wage, in violation of N.Y. Lab. L. § 652 and applicable regulations.

82. Defendants do not qualify to take a tip-credit against Plaintiffs' wages pursuant to N.Y. Lab. L. § 652(4).

83. Defendants required Plaintiffs to pay expenses incurred while carrying out work duties—specifically the cost of bicycles, helmets, and locks—in violation of 12 N.Y.C.R.R. §§ 137-2.5 (before 2011) and 146-2.7 (2011). These expenses further reduced Plaintiffs' hourly wages.

84. Defendants' violations of the NYLL were willful.

85. Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages, an equal amount in liquidated damages, reasonable attorneys' fees and costs, and pre-judgment interest, pursuant to N.Y. Lab. L. §§ 198, 663(1), in an amount to be determined at trial.

### COUNT 4
### (NYLL Overtime Violation)

86. Plaintiffs reallege and incorporate by reference all preceding allegations.

87. New York State Department of Labor Regulations require that an employee be paid an overtime rate of one-and-a-half times the employee's regular rate of pay for each hour of work over 40 hours per week. 12 N.Y.C.R.R. §§ 137-1.3 (before 2011) and 146-1.4 (2011).

88. The overtime rate is based on either an employee's regular rate of pay or the applicable minimum wage, whichever is higher. *Id.*

89. Throughout their employment by Defendants, Plaintiffs routinely worked far more than 40 hours per week.

90. Defendants failed to record, credit, and compensate Plaintiffs the required overtime wage—of 1.5 times either their regular rate of pay or the applicable minimum wage—for hours worked in excess of 40 hours per week, in violation of N.Y. Lab. L. § 652 and 12 N.Y.C.R.R. §§ 137-1.3 (before 2011) and 146-1.4 (2011).

91. Defendants' violations of the NYLL were willful.

92. Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages, an equal amount in liquidated damages, reasonable attorneys' fees and costs, and pre-judgment interest, pursuant to N.Y. Lab. L. § 663(1), in an amount to be determined at trial.

## COUNT 5
### (NYLL Spread-of-Hours Violation)

93. Plaintiffs reallege and incorporate by reference all preceding allegations.

94. Under the NYLL and related regulations, the "spread-of-hours" is the number of hours between the beginning and end of an employee's workday, inclusive of breaks, meal periods and other of-duty time. 12 N.Y.C.R.R. §§ 137-3.11 (before 2011) and 146-1.6 (2011). Employers are required to pay employees an extra hour of pay at the full minimum wage, without allowances, for each day in which the employees' spread-of-hours exceeds ten. 12 N.Y.C.R.R. §§ 137-1.7 (before 2011) and 146-1.6 (2011).

95. Plaintiffs routinely worked days with a spread of hours greater than ten.

96. Defendants failed to record, credit, and compensate Plaintiffs the required additional hour at minimum wage for each day in which the spread of hours exceeded ten, in violation of N.Y. Lab. L. § 652; 12 N.Y.C.R.R. §§ 137-1.7 (before 2011) and 146-1.6 (2011).

97. Defendants' violations of NYLL were willful.

98. Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid spread-of-hours wages, an equal amount in liquidated damages, reasonable attorneys' fees and costs, and pre-judgment interest, pursuant to N.Y. Lab. L. §§ 198, 663(1), in an amount to be determined at trial.

### COUNT 6
### (NYLL Hiring and Annual Notice Provision Violation)

99. Plaintiffs reallege and incorporate by reference all preceding allegations.

100. Defendants failed to provide Plaintiff Gonzalez, when he was hired to work at "U" Like Garden, with the required notice advising of his pay rate, allowances, employer name and contact information, and other details, pursuant to N.Y. Lab. L. § 195(1).

101. Defendants failed to provide Plaintiff Maldonado, when he was rehired to work at Empire Corner in 2011, with the required notice advising of his pay rate, allowances, employer name and contact information, and other details, pursuant to N.Y. Lab. L. § 195(1).

102. Defendants failed to provide Plaintiff Evaristo with the required notice advising of his pay rate, allowances, employer name and contact information, and other details, pursuant to N.Y. Lab. L. § 195(1), on or before February 1, 2012, in connection with his work at "U" Like Garden.

103. Plaintiffs are entitled to recover from Defendants, jointly and severally, damages of $50 per week per employee, as well as reasonable attorneys' fees and costs, and pre-judgment interest, pursuant to N.Y. Lab. L. § 198(1-b), in an amount to be determined at trial.

### COUNT 7
### (NYLL Paystub Notice Provision Violation)

104. Plaintiffs reallege and incorporate by reference all preceding allegations.

105. Defendants failed to keep full and accurate records of Plaintiffs' hours and wages in violation of the FLSA, 29 U.S.C, § 211(c), and NYLL, N.Y. Lab. L. § 661, and failed to

23753861v1

provide Plaintiffs with the required written notice of rate of pay and statement of wages concurrent with payment of compensation, pursuant to N.Y. Lab. L. §§ 195(3).

106. Plaintiffs are entitled to recover from Defendants, jointly and severally, damages of $100 per week per employee, as well as reasonable attorneys' fees and costs, and pre-judgment interest, pursuant to N.Y. Lab. L. § 198(1-d), in an amount to be determined at trial.

## COUNT 8
### (Unjust Enrichment)

107. Plaintiffs reallege and incorporate by reference all preceding allegations.

108. Defendants have been enriched by the value of Plaintiffs' purchase and maintenance of bicycles and related equipment that were required to deliver food to the customers of "U" Like Garden and Empire Corner.

109. Plaintiffs, as Defendants' employees, had to pay for these items and incur these expenses for Defendants' benefit.

110. Equity and good conscience require Defendants to pay Plaintiffs for all the costs incurred in purchasing and maintaining bicycles, helmets, and locks for purposes of and in the course of completing their required duties for Defendants.

## COUNT 9
### (NYCHRL Discrimination Based on Race and National Origin)

111. Plaintiffs reallege and incorporate by reference all preceding allegations.

112. Defendants discriminated against Plaintiffs on the basis of their Latino race and Mexican national origin, in violation of N.Y.C. Admin. Code § 8-107.

113. Defendants subjected Plaintiffs to adverse terms and conditions of work, such as continuous work, additional duties, and lower quality delivery routes, as compared to non-Latino employees.

provide Plaintiffs with the required written notice of rate of pay and statement of wages concurrent with payment of compensation, pursuant to N.Y. Lab. L. §§ 195(3).

106. Plaintiffs are entitled to recover from Defendants, jointly and severally, damages of $100 per week per employee, as well as reasonable attorneys' fees and costs, and pre-judgment interest, pursuant to N.Y. Lab. L. § 198(1-d), in an amount to be determined at trial.

## COUNT 8
### (Unjust Enrichment)

107. Plaintiffs reallege and incorporate by reference all preceding allegations.

108. Defendants have been enriched by the value of Plaintiffs' purchase and maintenance of bicycles and related equipment that were required to deliver food to the customers of "U" Like Garden and Empire Corner.

109. Plaintiffs, as Defendants' employees, had to pay for these items and incur these expenses for Defendants' benefit.

110. Equity and good conscience require Defendants to pay Plaintiffs for all the costs incurred in purchasing and maintaining bicycles, helmets, and locks for purposes of and in the course of completing their required duties for Defendants.

## COUNT 9
### (NYCHRL Discrimination Based on Race and National Origin)

111. Plaintiffs reallege and incorporate by reference all preceding allegations.

112. Defendants discriminated against Plaintiffs on the basis of their Latino race and Mexican national origin, in violation of N.Y.C. Admin. Code § 8-107.

113. Defendants subjected Plaintiffs to adverse terms and conditions of work, such as continuous work, additional duties, and lower quality delivery routes, as compared to non-Latino employees.

114.  Defendants also subjected Plaintiffs to a hostile work environment by yelling at them and insulting them multiple times per day, often in Spanish. This verbal abuse was objectively and subjectively offensive, unwanted, severe, and pervasive. Defendants did not treat non-Latino employees in this manner.

115.  Plaintiffs are entitled to recover from Defendants, jointly and severally, compensatory damages, punitive damages, equitable relief, and reasonable attorneys' fees and costs, pursuant to N.Y.C. Admin. Code § 8-502(f), in an amount to be determined at trial.

## COUNT 10
### (NYSHRL Discrimination Based on Race and National Origin)

116.  Plaintiffs reallege and incorporate by reference all preceding allegations.

117.  Defendants discriminated against Plaintiffs on the basis of their Latino race and Mexican national origin, in violation of N.Y. Exec. Law § 290, *et seq.*

118.  Defendants subjected Plaintiffs to adverse terms and conditions of work, such as continuous work, additional duties, and lower quality delivery routes, as compared to non-Latino employees.

119.  Defendants also subjected Plaintiffs to a hostile work environment by yelling at them and insulting them multiple times per day, often in Spanish. This verbal abuse was objectively and subjectively offensive, unwanted, severe, and pervasive. Defendants did not treat non-Latino employees in this manner.

120.  Plaintiffs are entitled to recover from Defendants, jointly and severally, compensatory damages and equitable relief, pursuant to N.Y. Exec. Law § 297(4)(c) in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that judgment be entered:

a. Declaring Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under the FLSA, NYLL, NYCHRL, NYSHRL, and their respective regulations;

b. Enjoining Defendants from future violations of the FLSA, NYLL, NYCHRL, and the NYSHRL.

c. Awarding Plaintiffs compensatory damages under the FLSA and NYLL, including but not limited to, damages for failure to pay minimum wages, overtime wages, and spread-of-hours pay; and for failure to provide annual notices or wage statements;

d. Awarding Plaintiffs liquidated damages under the FLSA and NYLL;

e. Awarding Plaintiffs compensatory damages under the NYCHRL and the NYSHRL, and punitive damages under the NYCHRL;

f. Awarding Plaintiffs pre-judgment interest;

g. Awarding Plaintiffs reasonable attorneys' fees and costs; and

h. Awarding Plaintiffs such other and further relief as the Court deems just and proper.

23753861v1

Dated:     October 11, 2012
           New York, NY

>Respectfully submitted,
>
>DEBEVOISE & PLIMPTON LLP
>
>By: _____
>Jyotin Hamid
>Stuart Naifeh
>Douglas Cuthbertson
>919 Third Avenue
>New York, NY 10022
>Tel. (212) 909-6000
>Fax. (212) 909-6836
>jhamid@debevoise.com
>snaifeh@debevoise.com
>dcuthber@debevoise.com
>
>URBAN JUSTICE CENTER
>
>David A. Colodny
>123 William Street, 16th Floor
>New York, NY 10038
>Tel. (646) 459-3006
>Fax. (212) 533-4598
>dcolodny@urbanjustice.org

23753861v1