# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
Fax  212 909 6836
www.debevoise.com

October 11, 2013

<u>VIA ECF</u>

The Honorable Thomas P. Griesa
United States District Court
for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

        **Gonzalez, Evaristo, and Maldonado v. Empire Corner of 8, Inc., et al.**
                      **Case No. 12 Civ. 6167 (TPG)**

To the Honorable Judge Griesa:

       We represent the plaintiffs in the above referenced matter. I write pursuant to Local Civil Rule 37.2 to request a pre-motion conference with this Court in connection with a potential motion to compel compliance with two subpoenas duces tecum issued under Federal Rule of Procedure 45 on June 25, 2013 to related third-party witnesses, Term Equities and 82 West 105th Street LLC (together, the "Companies"). Counsel for the defendants does not oppose the subpoenas or a motion to compel compliance.

       In this case, the plaintiff delivery workers allege that the defendant restaurants and their owners violated state and federal wage and other employment laws by failing to pay wages and overtime owed to plaintiffs, failing to provide required notices or keep required records, and discriminating against them on account of their national origin. The third-party witness Companies are the property manager and owner of a building in which defendants operated one of their restaurants. In the subpoenas, plaintiffs seek evidence showing that all of the defendants exercised control over the restaurants, a fact relevant to whether defendants were plaintiffs' employers under the wage and hour laws. In addition, plaintiffs believe the Companies have information concerning the whereabouts of certain relevant evidence defendants allegedly lost.

       The parties in this matter have largely completed discovery. The information sought in the subpoenas is the final outstanding discovery request that must be resolved

The Honorable Thomas P. Griesa　　　　　2　　　　　　　　　October 11, 2013

before the parties can begin preparing for trial.  The existing fact discovery deadline in this matter expired on May 31, 2013, and as part of a motion to compel, plaintiffs would seek to extend that deadline for the limited purpose of enforcing the subpoenas.

　　　　I have met and conferred extensively with a representative of the Companies, Mr. Keivan Farhadian in an effort to avoid the need to bring the issue before the Court, and I have attempted to meet and confer with the Companies' recently retained counsel, but the Companies have failed to comply with the subpoenas, and their counsel has failed to return my telephone calls or respond to my emails.

　　　　I first contacted Mr. Farhadian in or around January or February 2013 to request that he voluntarily act as a witness in this matter.  Although he was willing to answer a few of my questions by telephone, he stated that he would not voluntarily provide sworn testimony or appear as a witness in this litigation.  I contacted Mr. Farhadian again on or around April 25, 2013, to ask if he would accept service of subpoenas I intended to issue to the Companies.  At that time, he referred me to the Companies' attorney, Stanley Alter.  Mr. Alter offered that Mr. Farhadian would voluntarily produce the documents I sought, and would be willing to provide testimony on behalf of the Companies in the form of a written declaration.  On that basis, I delayed issuing the subpoenas.  Mr. Alter ignored my efforts to follow up on his offer, failing to return my telephone calls and emails.  Accordingly, On June 25, 2013, I issued the subpoenas for documents and depositions to the Companies.

　　　　After issuing the subpoenas, and as the return date was approaching, I finally reached Mr. Alter, who informed me he no longer represented the Companies in this matter.  I then contacted Mr. Farhadian, who reiterated the offer to provide his testimony in the form of a declaration.  Once again, the Companies did not follow through with the offer, and after numerous attempts to schedule a date for the deposition, I sent Mr. Farhadian a letter requesting that he meet and confer with me concerning the Companies' failure to comply with the subpoenas.  In response, Mr. Farhadian informed me that he had consulted new counsel who would contact me concerning the deposition.  For several weeks, however, Mr. Farhadian refused to provide me with the name or contact details of his counsel, and his counsel did not contact me.  Finally, on September 18, 2013, Mr. Farhadian sent me the name and telephone number of his counsel, Mark Altschul.  I immediately contacted Mr. Altshul, who suggested, yet again, that Mr. Farhadian would be willing to provide a declaration in lieu of submitting to a deposition. Mr. Altschul requested that I send him a draft declaration.  Immediately after speaking to him on September 18, 2013, I sent Mr. Altschul a draft declaration by email.

　　　　Since September 18, 2013, I have attempted to reach Mr. Altschul numerous times by telephone and have left no fewer than three messages with his receptionist, most recently on October 7, 2013.  In addition, on the morning of October 8, 2013, I sent Mr. Altschul an email requesting that he meet and confer concerning the Companies' failure

The Honorable Thomas P. Griesa 3 October 11, 2013

to respond to the subpoenas, and asking that he respond by the end of the day. Mr. Altschul has not responded to my email or returned any of my telephone calls.

  Having been unable to meet and confer with the Companies' counsel, despite numerous attempts to do so, and having attempted unsuccessfully for several months to negotiate alternatives to full subpoena compliance, I am now forced to turn to the Court to compel the Companies to comply with the subpoenas. I therefore respectfully request a pre-motion conference with Your Honor to discuss this matter more fully.

            Respectfully submitted,

            s/ Stuart C. Naifeh

            Stuart C. Naifeh

Cc Stephen B. Irwin, Esq. (via ECF)
   Mark Altschul, Esq.